STATE, RESPONDENT, *v.* BERNDT, APPELLANT.

(No. 4,539.)

(Submitted June 2, 1921.   Decided June 20, 1921.)

[199 Pac. 444.]

*Criminal Law—Prostitution—White Slavery—Evidence — Insufficiency.*

1.   Where, under an information charging defendant with a violation of the White Slavery Act (Chap. 1, Laws 1911), in aiding an unmarried woman to obtain transportation from one county to a point in another county, the evidence of the state disclosed no more than that the accused on a certain day conveyed the woman from one point to another in the same county after which they were not again seen together until some five months thereafter, when they were found in another state living together in a state of adultery, it was insufficient to warrant conviction under the information.

*Appeals from District Court, Stillwater County; Albert P. Stark, Judge.*

AUGUST H. BERNDT was convicted of white slavery and he appeals from the judgment and order denying a new trial. Reversed and remanded.

*Messrs. Nichols & Wilson* and *Mr. George A. Westover*, for Appellant, submitted a brief; *Mr. Harry L. Wilson* argued the cause orally.

*Mr. S. C. Ford*, Attorney General, and *Mr. Frank Woody*, Assistant Attorney General, submitted a brief; *Mr. L. A. Foot*, Assistant Attorney General, and *Mr. M. L. Parcells*, County Attorney of Stillwater County, argued the cause orally.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

Defendant was tried and convicted in Stillwater county upon an information charging a violation of section 1 of Chapter 1, Laws of the Twelfth Session, 1911, commonly called the Donlan White Slave Law, and sentenced to an indeterminate term in the state prison. Motion for a new trial was denied, and appeal is from the order denying a new trial and from the judgment.

The information in substance charges the defendant with [1] unlawfully and feloniously aiding and assisting an unmarried woman of the age of eighteen years to obtain transportation from a point in Stillwater county to Butte, in Silver Bow county, Montana, for the purpose of prostitution or concubinage. The testimony discloses that on the early morning of March 4, 1919, the defendant conveyed Mildred Lillian Hoffman, unmarried and eighteen years of age, to Columbus, Stillwater county, Montana, from a point more than twenty miles distant in the same county; that they were not seen together from that date until the following August, in Seattle, Wash-

ington, at which place they were living together unlawfully as husband and wife. The evidence further shows that shortly after his arrest and at other times before trial the defendant made certain statements with regard to his relations with the prosecuting witness, but such statements in no way assist the state in establishing the charge laid in the information, and the record is wholly devoid of any evidence to prove the crime as alleged. The fact, and it is uncontroverted, that defendant and prosecuting witness were living in a state of adultery in a foreign state and at a time more than five months removed from the date charged in the information, and without any other facts or circumstances before the court, except the conveyance to Columbus on March 4, 1919, raises but the merest suspicion of the guilt of the accused and is wholly insufficient to convict.

Upon the trial the defendant offered no defense and moved the court for a directed verdict upon the ground of the insufficiency of the evidence. The motion should have been granted. Under no possible theory is the evidence sufficient to sustain the verdict, and we therefore recommend that the judgment and order refusing a new trial be reversed, and the cause be remanded to the district court of Stillwater county, with directions to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded to the district court of Stillwater county, with directions to grant a new trial.

*Reversed and remanded.*